

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 18, 1967

Hon. Frank Booth
Executive Director
Texas Water Rights Commission
Sam Houston State Office Bldg.
Austin, Texas

Dear Mr. Booth:

Opinion No. M-60

Re: Whether, under the stated facts, the five year provision of Art. 7519a, V.C.S., precludes entry of an order cancelling permit No. 313.

You have requested an opinion from this office on whether the five year provision of Article 7519a, Vernon's Civil Statutes, is applicable in the following fact situation: A portion of Permit No. 313 was voluntarily relinquished by its joint owners L. D. and Arthur Singley who executed separate affidavits in 1962 in which they stated that a portion of the permit has been abandoned and that they waived notice and public hearing and requested that the Commission cancel the abandoned portion of the permit. On January 7, 1963, pursuant to the above request of permittees, the Commission entered an order cancelling the abandoned portion of Permit No. 313; the permittees were then left with the right to divert and use 160 acre-feet of water from the Clear Fork of the Brazos for the irrigation of 80 acres of land in Fisher County, Texas.

On October 10, 1966, when Commission records showed that there had been no water use under Permit No. 313 for more than ten years, an order was entered pursuant to Article 7519a, Vernon's Civil Statutes, setting the permit for public hearing on the matter of involuntary total cancellation.

On January 24, 1967, after due notice had been given pursuant to law, the matter of cancelling Permit No. 313 regularly came before the Commission on its docket. No appearance was made by the permittees. The question was raised whether the five year proscription of Article 7519a, Vernon's Civil Statutes, was applicable:

- 283 -

"... once cancellation proceedings have been initiated against a particular permit or certified filing and <u>a hearing has been held thereon</u>, the Board shall not initiate proceedings against such permit or certified filing for a period of not less than five (5) years after <u>the date of such public hearing</u>."
(Emphasis added)

There was no public hearing in 1963 when a portion of Permit No. 313 was cancelled at the request of the permittees for cancellation <u>without public hearing</u>. Therefore, the five year proscription in Article 7519a, Vernon's Civil Statutes, would not act as a bar to total cancellation on January 24, 1967. Attorney General's Opinion No. WW 1037 clearly distinguishes between voluntary waiver or relinquishment of water rights under Commission Rule 615.1 and involuntary proceedings instituted pursuant to Article 7519a, Vernon's Civil Statutes. Further, by Article 7477, Section 8(b), and Article 7544, Vernon's Civil Statutes, the Commission has the added authority to cancel water rights which have been abandoned for three consecutive years; such an action clearly would not fall within the purview of the five year prohibition of Article 7519a, Vernon's Civil Statutes.

### S U M M A R Y

Under the stated facts, the Texas Water Rights Commission is not barred by the five year provision of Article 7519a from cancelling Permit No. 313 in 1967 because of voluntary partial cancellation of the permit in 1963.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Sam Kelley
Houghton Brownlee
Vince Taylor
Pat Bailey

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.